UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Emilio RUIZ DE JESUS,<br><br>                        Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>                        Respondents. | Case No.: 25-cv-3700-AGS-BLM<br><br>**ORDER REQUIRING RESPONSE AND DENYING MOTION FOR ORDER TO SHOW CAUSE (ECF 2)** |

      Petitioner Juan Ruiz De Jesus seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

      In December 1998, Ruiz De Jesus, "a citizen of Mexico," "entered the United States without inspection." (ECF 1, at 2.) More recently, he was placed "in immigration detention" where he has been "since September 2025." (*Id.* at 6.) He is purportedly detained under "8 U.S.C. § 1225(b)(2)(A)," but he asserts that section "does not apply to individuals like Petitioner who previously entered and are now residing in the United States." (*Id.* at 3.) "Instead, such individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond." (*Id.*) Ruiz De Jesus challenges his continued detention without a bond hearing as "plainly contrary to the statutory framework" and notes that another district court has provided class-wide declaratory relief on the basis that ICE's current interpretation of § 1225(b)(2)(A) is "unlawful." (*Id.* at 4 (citing *Maldonado*

*Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 231977, at *4 (C.D. Cal. Nov. 25, 2025)).

This challenge has sufficient potential merit to warrant a response. Aside from *Maldonado Bautista* itself, functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **December 30, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **January 9, 2026**. The Court will hold oral arguments on the petition on **January 15, 2026, at 4:00 p.m.** In light of the response schedule, Ruiz De Jesus's motion for an order to show cause (ECF 2) is denied as moot.

Dated: December 23, 2025

_____
Hon. Andrew G. Schopler
United States District Judge